## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN S. VALDEZ, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civ. No. 11-216-LPS |
| | : |
| CARL DANBERG, PERRY PHELPS, | : |
| CHRISTOPHER KLEIN, DAVID | : |
| PIERCE, and CERTAIN UNKNOWN | : |
| INDIVIDUAL EMPLOYEES OF THE | : |
| STATE OF DELAWARE | : |
| DEPARTMENT OF CORRECTION, | : |
| | : |
| Defendants. | : |

At Wilmington this 30th day of September, 2013:

IT IS HEREBY ORDERED, for the reasons stated below, that Defendants' motion for summary judgment (D.I. 39) is GRANTED.

1.      Plaintiff, Robin Valdez, a hearing-impaired individual and former inmate in the James T. Vaughn Correctional Center in Delaware, filed suit on March 11, 2011 against Defendants Carl Danberg, Perry Phelps, Christopher Klein, and David Pierce ("Defendants"). (D.I. 1)

2.      Following discovery, Defendants moved for summary judgment on July 26, 2012. (D.I. 39)

3.      In responding to Defendants' motion, on August 14, 2012, Plaintiff withdrew certain of his claims, specifically: Count III, alleging violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.; Count IV, alleging violation of the Rehabilitation Act, 29 U.S.C. § 794; and Count VI, alleging violation of civil rights pursuant to 42 U.S.C. § 1983.  (D.I. 43 at 1) Plaintiff has not presented evidence from which a reasonable factfinder could find each of the

essential elements of these claims.  Thus, summary judgment will be entered for Defendants on these claims.

4.      Summary judgment will also be entered for Defendants on Plaintiffs' remaining claims, which are all brought pursuant to 42 U.S.C. § 1983: Count I, alleging cruel and unusual punishment, in that Defendants failed to address Plaintiff's need "to provide TTY [i.e., text telephone] phone calls and necessary interpreters" as a result of his hearing impairment and failed to respond to his medical problems; Count II, alleging a failure to train and/or maintenance of wrongful customs, practices, and policies, in connection with hearing-impaired inmates; and Count V, alleging violation of civil rights arising from being placed in solitary confinement without an appropriate hearing.

5.      "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986).  An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).  If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks

omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

6.    In order to prevail on his Section 1983 claims, Plaintiff must produce evidence sufficient to permit a reasonable factfinder to find that each of the individual Defendants were personally involved in the incidents of which he complains. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff has failed to adduce such evidence. Hence, Defendants should be granted summary judgment. *See generally Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995) (explaining that, in opposing summary judgment, party having burden of proof must "point to concrete evidence in the record that supports each and every essential element" of its case).

7.    Defendants are entitled to qualified immunity, as they are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff has failed to adduce evidence from which it could be concluded that the rights he contends were violated were "clearly established" at the time of the alleged violations. Hence, again, Defendants should be granted summary judgment.

8.    In answering the complaint, on May 26, 2011, Defendants put Plaintiff on notice that he had failed to effect proper service and, therefore, the Court lacked personal jurisdiction over Defendants. (*See* D.I. 7 ¶¶ 52-53) The Court agrees that Plaintiff failed to effect proper service, either prior to receiving Defendants' answer or subsequently. Hence, once again,

Defendants should be granted summary judgment.[1]

Accordingly, Defendants' motion for summary judgment (D.I. 10) is GRANTED,

judgment is entered FOR Defendants and AGAINST Plaintiff, and the Clerk of Court is directed

to CLOSE this case.

UNITED STATES DISTRICT JUDGE

---

[1]Under the circumstances, which include Plaintiff's failure to properly serve Defendants
during the 14 months between the filing of the answer and the filing of Defendants' summary
judgment motion, as well as the Court's other reasons for granting Defendants' motion, the Court
declines Plaintiff's request to grant an extension of time for service. (*See* D.I. 43 at 14-16)